ÆTNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT,
                        v. SOLOMON.

Opinion delivered November 23, 1926.

1. TRIAL—REPETITION OF INSTRUCTIONS.—Refusal of requested
   instructions was not erroneous where appellant's theory of the
   case was fully submitted by instructions given.

2. INSURANCE—STORM POLICY—MODIFICATION OF INSTRUCTION.—
   Where, in an action on a storm policy, defendant asked an instruc-
   tion that "an ordinary wind, no matter how long continued *or
   how strong*, is not covered by the policy unless it assumed the
   attitude of a storm," it was not error to strike out the words
   italicized, as the instruction as asked would have been contra-
   dictory.

3. INSURANCE—ALLOWANCE OF INTEREST.—In an action on insurance
   policies, interest was properly allowed on the amount found to be
   due, though it was ascertained from conflicting testimony.

Appeal from Phillips Circuit Court; *E. D. Robertson*,
Judge; affirmed.

*Cockrill & Armistead* and *Bevens & Mundt*, for
appellant.

*Moore, Walker & Moore*, for appellee.

McCULLOCH, C. J. This is an action instituted by
appellees to recover on a policy of insurance issued by
appellant indemnifying appellees against damage to cer-
tain buildings "by tornadoes, cyclones or windstorms."
There are three separate policies involved in the litiga-
tion, and the aggregate sum of $4,188 is sought to be
recovered on all of the policies. There was a trial of
the issues before a jury, and a verdict in favor of appel-
lees for $2,891, with interest from the date of maturity of
the proofs of loss.

Each of the policies contained the following excep-
tion from liability:

"This company shall not be liable for any loss or
damage occasioned directly or indirectly by or through
any tidal wave, high water, overflow or cloudburst; nor
for consequential loss or damage of any kind. This com-
pany shall not be liable for loss or damage caused by
water or rain, whether driven by wind or not."

The defense of appellant was based upon the contention that the damage to the property in question was within the exception from liability.

Appellees were the owners of a large plantation in Phillips County, on which the insured houses—47 in number—were situated and used for occupancy by tenants on the plantation. According to the undisputed testimony, a severe windstorm occurred on April 10, 1922. There is a conflict in the testimony as to the extent of the storm, but the testimony introduced by appellees was to the effect that the houses were blown over, and that the wind was the sole cause of the damage. There was at that time an overflow of water from the Mississippi River, and the land was inundated to a considerable depth, in some places nearly up to the floors of the houses, and in other places above the floors of the houses. The testimony introduced by appellant was to the effect that the damage was caused by the overflow—that the wind was not sufficient to overturn the houses except for the depth of the water surrounding them. This issue was submitted to the jury upon conflicting testimony, and the evidence is legally sufficient to support the verdict.

There are numerous assignments of error in regard to the rulings of the court in refusing instructions requested by appellant, but the court gave six instructions at appellant's request (one of them slightly modified), which fully submitted appellant's theory of the case, and, we think, were sufficient without giving the refused instructions. The following instructions were given at appellant's request:

"No. 2. The jury is instructed that, if you find from the testimony that the windstorm was not sufficiently severe in and of itself to have caused the injuries to the buildings, your verdict will be for the defendant."

"No. 4. The jury is instructed that the plaintiffs are insured under the policies introduced in evidence, against loss or damage due directly to tornado, cyclone or windstorms. But the contract of insurance provides, and by its terms both parties are bound, that the defend-

ant shall not be liable for loss or damage occasioned directly or indirectly by high water or overflow. If therefore you find from the evidence that high water or overflow, even indirectly, was the cause of loss or damage, the plaintiffs cannot recover in this lawsuit.''

''No. 9. You are instructed that the damages in this case are limited to such loss or damage to the buildings as was occasioned directly by the wind and would have been occasioned in the absence of and independent of the existence, presence or action of the water, overflow, or water driven by the wind.''

''No. 12. You are instructed that, before you can find for the plaintiff, you must find from a preponderance of the testimony that there was a loss or damage occasioned by a tornado, windstorm or cyclone. Unless therefore you find that the damage done to the buildings included in the policies sued on was occasioned by a tornado, windstorm or cyclone, as hereinafter defined, you will find for the defendant. To constitute a windstorm within the meaning of the policies, there must not only have been a wind but also a storm. Therefore to constitute a windstorm there must have been a commotion of the elements involving violent force, vehement action, or turbulent commotion and disturbance of the elements.''

''No. 13. You are instructed that, if you find from the evidence that, except for the existence of the flood at the time of the windstorm, there would have been no damage to any particular building claimed to have been damaged, you will find for the defendant as to that claim.''

These instructions were quite as favorable to appellant as could have been given.

The following instruction No. 11 was given, with the italicized words stricken out:

''You are instructed that an ordinary wind, no matter how long continued, *or how strong,* is not covered by the policy, unless it assumed the attitude of a storm.''

The modification did not, we think, impair the force of the instruction, and was not prejudicial. In fact, if

the words had not been stricken out, the instruction would have been contradictory in telling the jury that an ordinary wind, no matter how strong, did not bring the case within the terms of the policy "unless it assumed the attitude of a storm."

One of the refused instructions related to the burden of proof, but we think that instruction No. 12, quoted above, was sufficient to cover that subject. That instruction necessarily placed the burden of proof upon appellees, and it was unnecessary to repeat the instruction in another form.

One of the refused instructions was peremptory, and, as we have already seen that the evidence was sufficient to sustain the verdict in favor of appellees, this instruction was properly refused.

Appellees introduced the testimony of an architect who examined the buildings after the storm, and he testified in detail as to the extent of the damage and the cost of restoration. Each of the houses was dealt with in detail in the testimony, and the items of damage included labor and material for restoration. Among other things, the cost of new wooden blocks and porches and steps for the houses were included. It is contended by counsel that, according to the undisputed testimony, the loss of these portions of the houses was necessarily caused by the overflow and not by the force of the wind, and that the verdict was erroneous in including these items. The answer to this contention is that it does not affirmatively appear that these items were embraced in the verdict. The amount sued for was $4,188, and the recovery was for $2,891, leaving a difference of $1,297 between the amount claimed and the amount of the verdict. There was no objection made to the testimony concerning these items, nor was there any instruction asked excluding the consideration of them from the jury. We cannot say that the jury allowed for these items, therefore it does not appear that the verdict was excessive. So far as concerns the porches and steps, the loss may have occurred from the wind and not from the

water, hence it was proper for the jury to consider those particular items.

Finally, it is insisted that the court erred in its instruction to the jury allowing recovery for interest. The contention is that this is an unliquidated demand, and therefore does not bear interest. This is a suit on contract for the payment of money under certain conditions, and the claimants were entitled to interest on the amount found by the jury to be due, notwithstanding the fact that the amount was to be ascertained from conflicting testimony.

Judgment affirmed.